ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| NMS Management, Inc. | ) | ASBCA No. 61519 |
| | ) | |
| Under Contract No. N00244-15-C-0020 | ) | |

APPEARANCES FOR THE APPELLANT: Johnathan M. Bailey, Esq.
Hector M. Benavides, Esq.
  Bailey & Bailey, P.C.
  San Antonio, TX

APPEARANCES FOR THE GOVERNMENT: Craig D. Jensen, Esq.
  Navy Chief Trial Attorney
Kevin Lyster, Esq.
  Trial Attorney
  Naval Fleet Logistics Center
  San Diego, CA

## OPINION BY ADMINISTRATIVE JUDGE PAUL ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This is a timely appeal of a contracting officer's (CO's) final decision denying appellant NMS Management, Inc.'s (NMI's) claim in an amount of $183,003.24 for non-exercise of a fixed-price contract line item number (CLIN). The Contract Disputes Act, 41 U.S.C. §§ 7101-7109, is applicable. The government filed a motion for summary judgment, appellant filed an opposition brief, and the government filed a reply brief. Based upon the existence of a genuine issue of material fact, we deny the motion.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION[1]

1. On September 18, 2015, the Navy and NMS entered into fixed-price contract No. N00244-15-C-0020 in a total amount of $4,375,688.67. As awarded, the contract contained six CLINs for provision of food service attendant services for various naval facilities in the San Diego, California, area. (R4, tab 2 at 1-4) The performance period for the base contract was one year, extending from October 1, 2015, to September 30, 2016. The contract also provided for four option years, each commencing on October 1 and extending to September 30. Thus, total contractual performance was contemplated as expiring on September 30, 2020. (*Id.* at 33)

---

[1] We state these fact solely for the purpose of resolving the motion.

2. On March 7, 2017, the Navy forwarded an email to NMS in which it stated its intention to close "temporarily" the Oceanside galley which was the subject of CLIN 2006 (R4, tab 8, ex. 1 at 2). In August 2017, in anticipation of the exercise of the contract's second option year, the Navy determined that it would close the Oceanside galley permanently. Accordingly, on August 9, 2017, Mr. Labao, the Navy's food service manager, forwarded the following email to Mr. Guaderrama, NMS's president:

> You will eliminate the additional services provided under CLIN 2006.[2] You will still provide the same service as before based on the statement of work from the original contract. There should have [sic] a separate serving line for BUDS, I believed one line vice two lines and breakfast should start 0600 vice 0545. The hours of operation [are] still the same as the original contract at NAB. Based on the average number of meals served, there were more meals served before September 2016 compared from Oct 2016 to June 2017 when the students start eating at NAB galley. We are still going to feed the BUDS student[s].[3]

(*Id.*, ex. 5) Mr. Guaderrama responded to Mr. Labao's email on August 9, 2017, as follows:

> We understand the government['']s position, but the CLIN 2006 is tied into the entire contract with regards to overhead costs, vehicle costs and management costs. The BUDS feeding and students are not normal customers and require extensive workload and cleanup because of the mud, dirt, water, sand, etc. brought into the galley, which the government is fully aware of. We feel strongly that this change should be negotiated per normal contract changes. We request a contracting officer's decision concerning this change, as the government told us this was a temporary closure, and we request the right to negotiate changes that are now permanent.

(*Id.*, ex. 6 at 1-2)

---

[2] The different option years for CLIN 1006, 2006, and so forth.

[3] The "BUDS students" were Navy SEAL trainees who required separate dining facilities near the beach (compl. ¶ 7). The Navy was proposing to transfer the "BUDS students" to the existing dining facility at the Naval Amphibious Base Coronado (NAB) which, was the subject of the original CLIN 0005 (R4, tab 2 at 4).

On August 31, 2017, Mr. Guaderrama forwarded an email to the Navy's CO in which he stated:

> We are requesting the Contracting Officer's decision on the validity of exercising this option period without the BUDS support CLIN included.
>
> The government is asking us to perform work without payment for services. The exercise of the option should not be a negotiation because the BUDS CLIN has been previously negotiated when services were moved from Amphibious Base galley to the Oceanside Beach galley. The contractor gave back money on the Amphibious base galley CLIN when services were moved to the Oceanside beach galley. Then when services were moved back to Amphibious base galley, we gave the government back money for combining services, but still require funding for the amount of work involved in supporting the BUDS students.
>
> The amount of additional work required to support the BUDS students has been recognized by the government when agreeing on past negotiations. The BUDS students are not normal customers and require extensive workload and cleanup because of mud, dirt, water, sand, etc. brought into the galley at every meal. The additional work requires many man-hours to accomplish on a daily basis.
>
> However, the government is now asking us to provide the additional BUDS students support at no cost. We do not agree and are asking for your decision on exercising this option.

(R4, tab 8, ex. 7 at 1-2) On September 15, 2017, the Navy responded as follows:

> Under the subj contract, the government has a right to or not to exercise option CLINs prior to 30 September each year. Today is 15 September. If the government does not exercise the CLIN in question by 30 September 2017, please consider submitting a claim.

(*Id.* at 1)

3

3. On August 9, 2017, Mr. Brian O'Donnell, the Navy's CO, executed contractual Modification No. P00011 and subsequently forwarded it to NMS. The modification, which was issued pursuant to the contract's "Changes" clause, Federal Acquisition Regulation (FAR) 52.212-4(c) (DEC 2014), exercised option CLINs 2001, 2002, 2003, 2004 and 2005 with full funding; however, it did not exercise option CLIN 2006, the Oceanside galley. (R4, tab 7 at 2) Mr. Guaderrama of NMS executed the modification on September 21, 2017 (id.), but he did so under protest. Through an email of that same date, he stated:

> In support of NAVSUP Fleet Logistics Center San Diego, I am providing N00244-15-C-0020 Modification P00011 Food Svc Attendant Services Option 2. By executing this modification, NMS accepts the Government's direction to perform as directed, but does not agree that the option was properly exercised, nor does it waive its right, or that of its subcontractors through a lawful pass through agreement, to seek an equitable adjustment under the terms of the contract for any additional costs flowing from that improper exercise and accompanying change to the contract terms.

(Id. at 1)

4. On December 5, 2017, NMS submitted a properly certified claim to the CO in which it challenged "the Government's improper attempt at a partial exercise of its option...to extend the term of the contract to exclude the fixed price line item for BUDS trainee feeding" (R4, tab 8 at 1-2).

5. On January 18, 2018, the CO denied the claim in its entirety. He stated, in pertinent part: "On 21 September 2017 NMS Management Inc. signed the bilateral modification [P00011], thus, agreeing to the revised terms and conditions, but now seeks to recover cost associated with closing the galley." (R4, tab 9 at 1)

6. This appeal followed.

## DECISION

On April 13, 2018, the Navy filed a motion for summary judgment, stressing that it "went the extra mile and did a bilateral modification that NMS signed" (gov't br. at 5). Nowhere in its brief does the Navy even mention that NMS executed the modification under protest and reserved its right to file a claim. In its response, NMS emphasizes these facts, contending that they constitute a genuine issue of material fact (app. br. at 4). Accordingly, it also concludes that Modification No. P00011 does not constitute either a waiver or an accord and satisfaction (id. at 11). In it reply brief, the Navy contends that

4

NMS acted improperly when it executed Modification No. P00011 under protest (gov't reply br. at 1-2).

A grant of summary judgment is appropriate when a review of the record demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a), (c)(1); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). Further, the movant has the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In this instance, the Navy has not met its burden. Ignoring NMS's protest letter, it points to the jointly executed Modification No. P00011 and concludes that it must prevail. But NMS is correct that its email forwarding the fully-executed modification and explicitly reserving its rights to dispute the alleged contract change materially alters the factual predicate of the Navy's motion. This is so because the email dispels any notion that Modification No. P00011 is the only writing to consider when evaluating the legal consequences of the modification. *See, e.g., Relyant LLC*, ASBCA No. 58172, 16-1 BCA ¶ 36,228 at 176,748 (interpretation of a contract as a whole requires consideration of all documents that are part of the same transaction together). Thus, the Board must deny the Navy's motion.

CONCLUSION

The motion for summary judgment is denied.

Dated: April 11, 2019

*Michael T. Paul*

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61519, Appeal of NMS Management, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6